**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-01651-REB

RICHARD F. ERDWURM,

     Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

     Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

     The matter before me is plaintiff's **Complaint** [#1][1] filed June 23, 2011, seeking review of the Commissioner's decision denying plaintiff's request for waiver of recovery of overpayment of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

     Plaintiff previously was found disabled due to back and shoulder impairments beginning October 11, 1992. In April 2005, he was informed that his eligibility for disability insurance benefits had been determined to have terminated effective July, 2002, and that he would be liable for repayment of any overpaid benefits. Plaintiff

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

requested a hearing before an Administrative Law Judge, seeking a waiver of repayment. A hearing was held on October 21, 2008. The judge determined that plaintiff was not entitled to waiver of repayment because he accepted payments that he knew or reasonably could have been expected to know were incorrect. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

A claimant who has previously been found disabled is subject to periodic review to determine his continuing entitlement to benefits. 20 C.F.R. § 404.1589. Such a review may be triggered by the successful completion of a "trial work period." 20 C.F.R. § 404.1590(b)(4). The Commissioner does not consider services performed during the trial work period as showing that the period of disability has ended until services have been performed in at least nine months within a sixty-month period beginning after the claimant is adjudged disabled.[2]  ***See*** 20 C.F.R. §§ 404.1592(a) & (e)(2). Once those nine months have been completed, a 36-month "reentitlement

---

[2] The nine months need not be consecutive. 20 C.F.R. § 404.1592(a).

period" (also called the "extended period of eligibility") begins. During this period, the claimant may continue to receive disability insurance benefits in any month in which he does not engage in "substantial gainful activity." *Id.* §§ 404.1592a(a)(1).[3] Although the claimant will be considered no longer disabled once he is found to have engaged in substantial gainful activity and will not be entitled to benefits for any month in which he engages in substantial gainful activity, he need not reapply for benefits if, in any month during this period, his work falls below the level of substantial gainful activity. *See id.* §§ 404.1592a(a)(1) & (2)(i).

The Commissioner may recover any overpayment of disability insurance benefits made to a claimant. 42 U.S.C. § 404(a)(1). An overpayment may not be recovered, however, "from any person who is without fault if such recovery would defeat the purpose of [the Social Security Act] or would be against equity and good conscience." *Id.* § 404(b). The Commissioner thus must waive repayment if he finds both (1) that the claimant was "without fault" in causing the repayment; and (2) that allowing recovery

---

[3] Substantial gainful activity is defined, somewhat tautologically, as "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. "Substantial work activity is work activity that involves doing significant physical or mental activities," and may include part-time work. *Id.* § 404.1572(a). "Gainful work activity is work activity that [is done] for pay or profit" and includes any "kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b). Substantial gainful activity generally does not include non-work activity. *Id.* § 404.1572(c).

The Commissioner has prescribed guidelines to further substantiate the definition of substantial gainful activity. Earnings from work are the primary parameter by which substantial gainful activity is measured. *Id.* § 404.1574(a); *see also Fowler v. Bowen*, 876 F.2d 1451, 1454 n.3 (10th Cir. 1989); *Hedge v. Richardson*, 458 F.2d 1065, 1067-68 (10th Cir. 1972). However, for self-employed persons such as plaintiff, the Commissioner evaluates the value of the claimant's services to the business regardless whether he receives an immediate income from those services under one of three tests set forth in the regulations. *See* 20 C.F.R. § 404.1575(a)(2)(i)-(iii). The claimant's "countable income" will be considered substantial if it (1) averages more than the amounts set forth in tables promulgated by the Commissioner that presumptively establish substantial gainful activity; or (2) is comparable to what the claimant earned before he was found to be disabled or what others in the same or a similar business in the community earn. *Id.* § 404.1575(c).

3

either (a) would defeat the purposes of the Act; or (b) would be contrary to equity and good conscience.  20 C.F.R. § 404.506(a).

Review of the Commissioner's decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). More particularly here, the Commissioner's determination that a claimant was not without fault is a factual determination that must be upheld if supported by substantial evidence in the record as a whole.  ***Howard v. Secretary of Department of Health and Human Services of the United States***, 741 F.2d 4, 8 (1st Cir. 1984).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III. LEGAL ANALYSIS

In May 1999, plaintiff was informed that he had completed his trial work period and that his 36-month extended period of eligibility was considered to have commenced in December 1998. (Tr. 20-25.) Plaintiff was notified that his claim would be reviewed "from time to time to see if you are still eligible for benefits," and cautioned to "tell us right away about any changes that may affect your benefits" because "[i]f you do not, you may have to repay any benefits which are not due." (Tr. 20-21.)

In April 2005, plaintiff received notification that his entitlement to disability insurance benefits had been determined to have ended in July 2002. (Tr. 15, 27-28.) Plaintiff, who had been continuing to receive benefits during the interim, thus was overpaid $19,864.00. (Tr. 14, 46.)[4] Plaintiff sought waiver of the overpayment. (*See* Tr. 42-45, 59-67.) Plaintiff bears the burden of proving by substantial evidence that he was without fault in causing the overpayment. *See Watson v. Sullivan*, 940 F.2d 168, 171 (6th Cir. 1991); *Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir. 1982).

Plaintiff has not met that burden on the record before me. A claimant will be found at fault if the incorrect payment resulted from either:

> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>
> (b) Failure to furnish information which he knew or should have known to be material; or
>
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been

---

[4] By this appeal, plaintiff does not challenge either the fact or the amount of overpayment.

    expected to know was incorrect.

20 C.F.R. §404.507.  The ALJ relied on the last of these reasons, finding that plaintiff, who had a college degree, had plainly been informed in May 1999 that his trial work period had ended and that his 36-month extended period of eligibility already had begun in December 1998.  Moreover, the ALJ noted that plaintiff's income in 2002 was comparable to what he earned prior to his disability (Tr. 16-17.)

  Plaintiff claims the ALJ's determination cannot stand because the letter he received in May 1999 did not suggest that he was responsible for determining his own continuing eligibility for benefits and that it would be unreasonable, given the alleged complexity of the regulations, to expect him to do so.  Yet the same letter plainly stated, under the heading "IMPORTANT INFORMATION," that after the end of the trial work period, plaintiff would be entitled to benefits only in any month in which his average earnings were not over $500 a month, and, concomitantly, that "[i]f you average earnings are more than these amounts, we call your work substantial and we will stop monthly payments."  (Tr. 23.)  The fact that plaintiff was self-employed, and thus that the Commissioner might also consider the arguably more amorphous value of the value of his services to the business (*see* Tr. 23), is irrelevant in this case, since plaintiff plainly received earnings in excess of the minimum requirements of substantial gainful activity (*see* Tr. 15).

  Nor do I agree with plaintiff that it was illogical for the ALJ to conclude that plaintiff should have known he was accepting benefits to which he was not entitled because his 2002 earnings were comparable what he made prior to his impairment.

Contrary to plaintiff's argument, these two facts are linked cogently to one another. It is difficult to conceive that a person of plaintiff's age and intelligence could not have been expected to know that he might be found no longer disabled once his earnings returned to pre-disability levels, especially in light of the clear warnings afforded plaintiff by the May 1999 letter.[5]

At base, it appears plaintiff believes it would be unfair to allow the Commissioner to recover the overpayments because, despite plaintiff's allegedly "diligent" monthly reporting of his income,[6] the Commissioner failed to inform him of the overpayment for nearly six years. However, even if plaintiff could justifiably rely on the Commissioner's silence as a basis for asserting waiver, a proposition which itself appears dubious, *see Vosler v. Bowen*, 685 F.Supp. 1206, 1211 (D. Wyo. 1988), the regulations plainly provide that "[a]lthough the Administration may have been at fault in making the overpayment, that fact does not relieve the overpaid individual . . . from liability for repayment if such individual is not without fault," 20 C.F.R. § 404.507. *See also Watson*, 940 F.2d at 172 ("[T]his type of bureaucratic lapse that will benefit a claimant only if he is totally blameless."). Accordingly, the ALJ's finding that plaintiff was at fault in causing the overpayment, supported by substantial evidence in the record, prevents the court from considering his equitable arguments.

---

[5] Indeed, this argument finds support in the Commissioner's regulations defining substantial gainful activity for self-employed persons such as plaintiff. *See* 20 C.F.R. § 404.1575(c)(2)(ii).

[6] Although the ALJ recounted plaintiff's testimony regarding his efforts to keep the Commissioner apprised of his monthly earnings from 1999 through 2005, he did not base his decision on a finding that plaintiff failed to provide information that he knew was material. *See* 20 C.F.R. § 404.507(b). I note, however, that the evidence of plaintiff's record keeping in this regard does not clearly support his characterization of his notification efforts.

Although this court is not without sympathy to plaintiff's predicament and admires his determination to return to work despite his impairments, "the repayment is not punitive in nature.  A mistake occurred of which [plaintiff] was the beneficiary.  Now he has to make the public fisc whole."  **Watson**, 940 F.2d at 172.  The ALJ did not err in concluding that plaintiff was not entitled to a waiver of repayment.

### IV.  ORDERS

**THEREFORE, IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not entitled to a waiver of repayment is **AFFIRMED**.

Dated September 18, 2012, at Denver, Colorado.

                                                **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge